Porter, J.
delivered the opinion of the court. In this case there is no statement of *387 facts, nor any thing equivalent thereto; but there are bills of exceptions.
West'n District.
Sept. 1822.
The defendant has a right to demand proof of the authority, of the agent who commenced suit against him, and made affidavit to obtain process of attachment.
Bills of exceptions, are to points of law and what is contained in them, will not authorize the reversal of the judgment of an inferior tribunal for erroneous conclusions in matters of fact.
The first is taken to the opinion of the court, permitting the defendant to move for a dissolution of the attachment, after he had gone into the trial.
The judge states, in the bill of exceptions, that his reason for hearing the motion, at that stage of the cause, and overruling the plaintiff’s objection to the time of making it, was a rule of the court where the cause was tried, " which required all points should be contained in the answer, and that no objections to an attachment will be heard which are not set forth in the answer."
We have doubted, whether we could judicially take the existence of such a rule from a statement in the bill of exceptions; but, be that as it may, we are satisfied it was the duty of the party excepting to have furnished the facts, necessary for a perfect understanding of the opinion given. Our statute provides, that when a party excepts to an opinion of the court, so much of the testimony taken in the case, as may be necessary to a full understanding of such opinion, shall be taken and sent up with *388 the other proceedings—acts of 1813, 202, sect. 17. This the plaintiff should have done, if he disputed the fact assumed in the exception signed. Taking it as correctly given, we think no error was committed in suffering the defendant, on the trial of the cause, to make a motion to dismiss.
The second is, to the opinion of the judge, requiring the plaintiff to prove the authority of the agent who made affidavit of the debt claimed in the petition.
The court decided correctly, in requiring the proof of agency ; as a man who is sued, even for a debt which he justly owes, has a right to ask if the proceedings are carried on by the authority of his creditor. Whether that proof was given or not we cannot say, as there is neither statement of facts, nor evidence brought up according to law ; and we cannot, on a bill of exceptions which is to a point of law, reverse a judgment of an inferior court, for erroneous decisions in matters of fact.
The same remarks naturally present themselves to the decision of the judge, in not suffering the cause to continue as a suit commenced by citation; for it appears, that the *389 authority of the attorneys was disputed on affidavit; and there is nothing by which we can learn that all the evidence, which was introduced to prove or disprove that fact, appears on record.
Wilson and Mills for the plaintiff, Bullard and Thomas for the defendant.
We think no error was committed, except in giving final judgment; it is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided, and reversed ; that there be judgment, as in case of non-suit, against the plaintiff with costs in the inferior court, and that the defendant pay cost in this.